IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00324-GPG

JADA DAVIS,

    Plaintiff,

v.

JUDGE STEPHEN A.GROOME,
JUDGE WILLIAM PEAL ALDERTON,
RANDAL SCOTT HERRICK-STARE,
MARQUEZ & HERRICK-STARE LLC,
ERNEST F.MARQUEZ,
CHAFFEE COUNTY COMBINED COURTS,
PARK COUNTY DISTRICT COURTS,
COLROADO COURT OF APPEALS,
THE ELEVENTH JUDICIAL DISTRICT, CIRCUIT,
PATRICK HENSON LLC, HENSON LAW LLC,
THE CITY OF SALIDA,
COUNTY OF CHAFFEE, and
STATE OF COLORADO,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Jada Davis is detained at the Chaffee County Jail in Salida, Colorado. Plaintiff acting *pro se* initiated this action by filing a Prisoner Complaint, ECF No. 1. The Court entered an order on February 8, 2018, that found deficiencies with the filing. Plaintiff was directed to submit the Prisoner Complaint and a Motion to proceed pursuant to 28 U.S.C. § 1915 on proper Court-approved forms and to provide a certified inmate account statement for the six-month period immediately preceding the filing of this action. Plaintiff complied and was granted leave to proceed pursuant to 28 U.S.C. § 1915.

1

Because Plaintiff has been granted leave to proceed pursuant to § 1915, the Court must dismiss the action if the claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327‑28 (1989).

The Court must construe Plaintiff's filings liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.

Plaintiff challenges the appeal procedures used by the courts when she appealed both an eviction entered against her on December 1, 2016, and a criminal conviction entered against her September 20, 2017.  *See* ECF No. 4 at 4-10.  Plaintiff claims Defendants conspired to send her appeals to the wrong state district court in retaliation for her suing the City of Salida and the Salida Housing Authority pursuant to 42 U.S.C. § 1983.  Plaintiff seeks money damages.

For the reasons discussed below, this action will be dismissed.

First, the State of Colorado and its entities are immune from liability under § 1983 pursuant to the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir.

2

1994).   The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

The Chaffee County Combined Courts, the Park County District Courts, the Colorado Court of Appeals, and the Eleventh Judicial District Circuit are considered state constitutional courts under Colo. Const. art. VI, §§ 16, 17, and therefore are immune from suit under the Eleventh Amendment.   *See Entrup v. Colorado,* 127 F.3d 1109 (10th Cir. Oct. 14, 1997) (unpublished opinion) (holding that suit against Boulder County District Court was barred by the Eleventh Amendment).

Consequently, the § 1983 claims against Defendants State of Colorado, Chaffee County Combined Courts, Park County District Courts, Colorado Court of Appeals, and Eleventh Judicial District Circuit are subject to dismissal based on Eleventh Amendment immunity.

Second, judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).   Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded authority, *see Stump*, 435 U.S. at 1105.   Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction."   *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990).   Plaintiff's improper appeal procedures claim does not indicate that

Defendants Judges Stephen A. Groome and William Peal Alderton were acting outside of their judicial capacity.   Thus, Judges Groome and Alderton are improper parties to this action.

Third, Defendants Patrick Hensen, Ernest F. Marquez, and Randall Scott Herrick-Stare, acting either as public defenders or as private attorneys, are immune from suit in § 1983 actions.   *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981) (Private attorneys or public defenders are not state actors under § 1983 and are not proper parties to this action.).   Furthermore, Defendant Marquez and Herrick-Stare LLC, Defendants Marquez and Herrick-Stare's private law firm, also would be immune from suit in §1983 actions for Defendants Marquez's and Herrick Stare's actions as private attorneys.   *See Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994).

Fourth, Plaintiff fails to assert any violation of her federal constitutional rights by Defendants City of Salida and Chaffee County.   Municipalities and municipal entities, such as Chaffee County and the City of Salida are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added).

Finally, "for purposes of analyzing a municipality's potential liability under § 1983, acts of municipal department officials in their official capacity are equated with the acts of a municipality itself."   *Stump*, 777 F. Supp. at 816 (citing Monell, 436 U.S. at 690 n. 55).

To state a § 1983 claim against a municipal employee in his official capacity, a plaintiff must allege:

>    (1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the [municipality's] employees;
>
>    (2) Deliberate indifference to or tacit approval of such misconduct by the [municipality's] policymaking officials . . . after notice to the officials of that particular misconduct; and
>
>    (3) That the plaintiff was injured by virtue of the unconstitutional acts pursuant to the . . . custom and that the custom was the moving force behind the unconstitutional acts.

*Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993). A single incident generally is insufficient to show municipal liability, unless a plaintiff can demonstrate that "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued." *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009). Defendants Chaffee County and City of Salida, therefore, are improper parties to this action.

In sum, the § 1983 claims will be dismissed either pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous or pursuant to § 1915(e)(2)(B)(iii) because the claims seeks money damages against a defendant who is immune from such relief.

The Court also notes that to the extent Plaintiff is challenging court rulings in ongoing state court proceedings, the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37 (1971), "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir.1999) (internal

quotation marks omitted).  *See also Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."  *Phelps*, 122 F.3d at 889.  The abstention principles of *Younger* are jurisdictional.  *See Amanatullah*, 187 F.3d at 1163.

The three conditions for *Younger* abstention are all satisfied.  Plaintiff concedes there are one or more ongoing state court proceedings.  The second condition—an adequate state forum—is also satisfied because Plaintiff can pursue her constitutional claims in state court.  And last, the third condition—a state case involving important state interests—is satisfied because the state has an important interest in the administration of its criminal code, *see Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987), and state eviction proceedings.

Furthermore, Plaintiff's claims for damages regarding her conviction are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to Heck, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

6

It is apparent that Plaintiff does not assert an invalidation of a conviction. A result in favor of Plaintiff in this case would necessarily imply the invalidity of Plaintiff's criminal conviction or sentence. Plaintiff must obtain an invalidation of a conviction before she is able to seek money damages in a 42 U.S.C. § 1983 action. *Heck*, 512 U.S. at 486-87. The Court, therefore, finds that Plaintiff's claim for damages challenging a criminal proceeding in this case and a related conviction would be barred by the rule in *Heck*.

If Plaintiff seeks to challenge the validity of a conviction the proper action to file in this Court is an application for habeas corpus seeking relief pursuant to 28 U.S.C. § 2254. Review, however, is not available in this Court in a 28 U.S.C.§ 2254 action unless Plaintiff has exhausted her state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Nonetheless, "federal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation." *See Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002).

An applicant may be entitled to habeas relief in a § 2254 action if she shows an alleged violation of state law resulted in a denial of due process. *See Aycox v. Lytle*, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). "[T]he deprivation occasioned by the state's failure to follow its own law must be arbitrary in the constitutional sense; that is, it must shock the judicial conscience." *Aycox*, 196 F.3d at 1180 (10th Cir. 1999) (internal quotation marks omitted); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (suggesting that only in rare circumstances, a determination of state law can be "so arbitrary or capricious as to constitute an independent due process . . . violation"). Plaintiff's challenge to the alleged improper assignment of her appeals to a district court does not assert such a due process violation in this action.

Finally, because the Court finds that Plaintiff fails to assert a due process violation in the assignment of her appeals, Plaintiff's retaliation and conspiracy claims are legally frivolous.

In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as legally frivolous regarding any municipality, retaliation, or conspiracy claim and pursuant to § 1915(e)(2)(B)(iii) because Plaintiff fails to assert a claim for money damages against a person who is not immune from suit.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.   It is

FURTHER ORDERED that the Clerk of the Court is directed to rescan ECF No. 4. Page nine of the entry should be placed between pages four and five.

DATED March 20, 2018, at Denver, Colorado.

                BY THE COURT:

                s/Lewis T. Babcock
                LEWIS T. BABCOCK, Senior Judge
                United States District Court